UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| PORTLAND PILOTS, INC. )<br>)<br>)<br>       Plaintiff )<br>)<br>v. )<br>)<br>*M/V NOVA STAR* (IMO # 9462067), )<br>       her engines, boilers, )<br>       tackle, appurtenances, )<br>       electronics, etc., )<br>       *In Rem*, )<br>)<br>       Defendant ) | **Civil Action**<br>**Docket No.:** |

## VERIFIED COMPLAINT

NOW COMES Plaintiff the Portland Pilots, Inc., by and through its undersigned counsel, Thompson & Bowie, LLP, and as and for its Verified Complaint *in rem* against the *M/V Nova Star* (IMO # 9462067), her engines, boilers, tackle, appurtenances, electronics, etc. (the "Vessel"), to foreclose and enforce a maritime lien states as follows:

### JURISDICTION AND PARTIES

1.  This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, and Rule 9(h) F.R.Civ.P. and Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.  Plaintiff Portland Pilots, Inc. ("Pilots"), is a corporation duly organized and existing pursuant to the laws of the State of Maine and offering state-licensed pilotage services to

vessels entering and exiting the Port of Portland, Maine, and with a place of business at 48 Union Wharf, Portland, Maine 04101.

3. The Defendant *In Rem, M/V Nova Star* (IMO # 9462067), is a Bahamas-flagged passenger vessel of 161 meters and 27,744-GT, constructed in 2014, and is now, and during the pendency of this action will be in Portland, Maine, within the District of Maine and the jurisdiction of this Court.

4. Upon information and belief, the *M/V Nova Star* (IMO # 9462067) is owned and/or operated by Nova Star Cruises, Ltd., a foreign corporation duly authorized to do business in the State of Maine, with a place of business in Eliot, Maine, and / or Nova Star Cruises USA, Inc., a corporation duly organized and existing under the laws of the State of Maine, with a place of business in Portland, Maine.

5. This Court has jurisdiction over the *M/V Nova Star* (IMO # 9462067) in that she is, and will be throughout the course of these proceedings, within the State of Maine and this District.

**FACTS**:

6. During the 2014 and 2015 summer sailing seasons, the *M/V Nova Star* ("Vessel" or *Nova Star*) offered daily passenger and roll-on / roll-off ferry service between the ports of Portland, Maine, and Yarmouth, Nova Scotia.

7. At all times relevant hereto, the Pilots provided pilotage services to the *Nova Star* for the Vessel to enter and exit the Port of Portland, Maine.

8. At all times relevant to the instant action, Pilotage services offered to the *M/V Nova Star* were requested and authorized by Nova Star Cruises, Ltd., the Master of the Vessel and / or an authorized person within the meaning of 46 U.S.C. § 31341.

2

9. The Pilots charged the standard, pilotage rates authorized by the Board of Harbor Commissioners for Portland Harbor for pilotage services for the summer 2014 and 2015 seasons.

10. Until August 16, 2015, the Vessel's operator Nova Star Cruises paid the Pilots the State-authorized pilotage rate of $3,198.32 for each vessel transit ("Transit") between the Vessel's berth at Ocean Gateway Terminal in Portland and the Pilot Station offshore of Portland Head Light.

11. Between August 17, 2015, and continuing through October 23, 2015, the Pilots, authorized by an authorized person within the meaning of 46 U.S.C. § 31341, including but not limited to Nova Star Cruises, Ltd., and / or the Vessel's Master, continued to provide pilotage services to the Vessel a total of Sixty-One (61) times in the Port of Portland for the Vessel to transit to and from the Pilot Station and her berth at Portland's Ocean Gateway Terminal.

12. Consistent with the State-licensed pilotage rates, the Pilots charged the Vessel $3,198.32 for each Transit and submitted an invoice to the Vessel master and / or Nova Star Cruises for pilotage services; these invoices total One-Hundred Ninety-Five Thousand, Eight-Hundred Ninety-Seven Dollars and Fifty-Two Cents ($195,897.52) for which the Pilots have not been paid. *See* Portland Pilots / Nova Star Cruises Statement of Account, dated October 14, 2015, with additional Invoice dated October 26, 2015, attached hereto together as **Exhibit A**.

13. Upon information and belief, the Vessel sailed from her berth on the morning of October 30, 2015, to the A-Anchorage in the Port of Portland and is expected to sail from Portland, Maine, to ports unknown within the next few days.

## **COUNT I: BREACH OF CONTRACT**

14. Plaintiff Portland Pilots repeat and reallege each of the allegations contained in paragraphs 1 through 13, inclusive, of this Verified Complaint with the same force and effect as if more fully set forth herein.

15. Nova Star Cruises and / or the Vessel Master and / or the authorized person agreed to pay Pilots for the services described in its Statement of Account (**Exhibit A**).

16. Nova Star Cruises and / or the Vessel Master and / or the authorized person accepted the terms proposed by Pilots and set forth in the pilotage terms authorized by the Maine Pilotage Commission.

17. Pilots reasonably relied upon the authority of Nova Star Cruises and / or the Vessel Master and / or the authorized person and subsequently fully performed the work outlined in the Statement of Account (**Exhibit A**).

18. The Pilots' proposal and offer to provide pilotage services to the Vessel, and Nova Star Cruises' and / or the Vessel Master's and / or the authorized person's acceptance of that offer, as described in the Statement of Account (**Exhibit A**) together constitute a maritime contract.

19. Pilots made demand for payment to Nova Star Cruises and / or the Vessel Master and / or the authorized person as evidenced by the Statement of Account (**Exhibit A**).

20. Notwithstanding such performance and demand for payment, Nova Star Cruises and / or the Vessel Master and / or the authorized person has failed to pay Pilots for the work performed and has thereby breached the terms of the maritime contract evidenced by the Statement of Account (**Exhibit A**).

21. As a direct and proximate result of Nova Star Cruises' and / or the Vessel Master's and / or the authorized person's breach of the maritime contract, Pilots, having satisfied all conditions and obligations required under the maritime contract, have suffered an estimated $195,897.52 in damages, plus interest and costs.

## COUNT II:
### (Unjust Enrichment)

22. Portland Pilots, Inc., repeat and reallege each of the allegations contained in paragraphs 1 through 21, inclusive, above, of this Complaint with the same force and effect as if more fully set forth herein.

23. As a direct and proximate result of the foregoing allegations and by reason of being authorized by the terms of Statement of Account (**Exhibit A**) and operating under the direction Nova Star Cruises and / or the Vessel Master and / or the authorized person, the Pilots conferred a financial benefit on the Vessel.

24. The amount of the financial benefit conferred on the Vessel is $195,897.52, as more fully set forth above.

25. Nova Star Cruises and / or the Vessel Master and / or the authorized person had knowledge and appreciation of the financial benefit conferred on the Vessel.

26. Nova Star Cruises' and / or the Vessel Master's and / or the authorized person's acceptance and retention of the benefit under the circumstances stated herein would not be equitable without payment of $195,897.52, plus interest and costs, consistent with the agreement between Pilots and the Vessel.

## COUNT III:
### (*Quantum Meruit*)

27.   Pilots repeat and reallege each of the allegations contained in paragraphs 1 through 46, inclusive, above, of this Complaint with the same force and effect as if more fully set forth herein.

28.   Pilots have performed all services required to the Vessel under the terms of the Statement of Account and consistent with, and as required by, the terms of the rates set forth by the Maine Pilotage Commission.

29.   The amount of the financial benefit conferred on the Vessel is $195,897.52, as more fully set forth above.

30.   If Pilots had not performed such pilotage services pursuant to the agreement, the Vessel would have been required to hire other persons to perform the required duties and would have incurred substantially-similar costs.

31.   By reason of having furnished such services to the Vessel, with Nova Star Cruises' and / or the Vessel Master's and / or the authorized person's knowledge and consent, the circumstances make it reasonable for Pilots to have performed its services and expected payment consistent with the amounts reflected in the Statement of Account and as ratified by oral agreement.

32.   The reasonable value of the services performed by Pilots for unpaid services was $195,897.52, plus interest and costs, consistent with the agreement between Pilots and the Vessel.

WHEREFORE, Portland Pilots, Inc., respectfully requests that this Court:

    A.   Issue process of maritime arrest against the Defendant *M/V Nova Star* (IMO # 9462067) pursuant to Rules C and E of the Supplemental Rules for Certain

  Admiralty and Maritime Claims, and the Commercial Instruments and Maritime Lien Act, 46 USC §§ 31341-31343;

B. Enter judgment against the *M/V Nova Star* (IMO # 9462067) in the amount of One-Hundred Ninety-Five Thousand, Eight-Hundred Ninety-Seven Dollars and Fifty-Two Cents ($195,897.52), together with interest, costs and reasonable attorney's fees;

C. Condemn and sell all property attached and/or arrested pursuant to the process prayed for herein at an interlocutory sale so as to satisfy the debt of the *M/V Nova Star*; and

D. Grant such other and further relief in Portland Pilots, Inc.'s favor as it deems just and proper.

DATED at Portland, Maine, this 30th day of October, 2015.

            /s/   Leonard W. Langer
            Leonard W. Langer, Esq.

            /s/   Twain Braden
            Twain Braden, Esq.

            Counsel for Plaintiff,
            PORTLAND PILOTS Inc.

**THOMPSON & BOWIE, LLP**
Three Canal Plaza, P.O. Box 4630
Portland, ME  04112-4630
(207) 774-2500
lwlanger@thompsonbowie.com
tbraden@thompsonbowie.com

## VERIFICATION

I, Mark W. Klopp, being duly sworn in my capacity as President of Plaintiff Portland Pilots, Inc., do hereby depose and say:

I am President of Plaintiff Portland Pilots, Inc.  I have read the foregoing Complaint and know the contents thereof, and the same is true based on my personal knowledge, except where stated on information and belief, in which case I believe it to be true.

                              PORTLAND PILOTS, INC.

                              By:    /s/   Mark W. Klopp
                                       Mark W. Klopp, President

STATE OF MAINE
CUMBERLAND, ss.                                             October 30, 2015

Personally appeared before me the above-named Mark W. Klopp, known to me to be the person who signed the foregoing verification and who, having been duly sworn by me in his capacity as President of Portland Pilots, Inc., and stated that he has read the contents of the foregoing verification and the Complaint, and that the same is true, except where stated on information and belief, in which case he believes it to be true.

                              Before me,

                              /s/   Darlene J. Stanley
                              Notary Public

                              Darlene J. Stanley
                              Typed or Printed name

                              My Commission Expires On:

                              March 31, 2021