UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| Portland Pilots, Inc. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:15-CV-00442-dbh |
| | ) | |
| M/V Nova Star (IMO # 9462067), | ) | |
| her engines, boilers, tackle, | ) | |
| appurtenances, electronics, etc., | ) | |
| In Rem, | ) | |
| Defendant | ) | |

## SPRAGUE OPERATING RESOURCES, LLC'S
## MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO INTERVENE

Sprague Operating Resources, LLC ("Sprague"), by its attorneys, moves for leave to intervene as a plaintiff in this action, pursuant to Fed. R. Civ. P. 24. The grounds for this motion are set forth below and in the [Proposed] Verified Complaint (attached as Exhibit A) and accompanying documents appended thereto.

1)   On October 30, 2015, Plaintiff, Portland Pilots, Inc., filed a Verified Complaint against the Defendant, M/V Nova Star, her engines, tackle equipment, appurtenances, etc. ("Vessel"), and a Motion for Issuance of Warrant of Maritime Arrest seeking to enforce alleged maritime lien rights against the Vessel and the issuance of a warrant for arrest of the Vessel. Docket Nos. 1 & 4.

2)   On October 30, 2015, this Court issued an Order for Issuance of Warrant for Maritime Arrest of M/V NOVA STAR (IMO #9462067), pursuant to which the Clerk issued a Warrant for Arrest of the Vessel. Docket No. 7 & 12.

3)   Upon information and belief, on October 30, 2015, the United States Marshals Service for the District of Maine served the Vessel with the Warrant for Arrest of the Vessel, and

{W5189885.1}

placed the Vessel into the custody of the Court appointed substitute custodian, National Maritime Services, Inc.  Docket No. 10.

4) On November 1, 2015, World Fuel Services, Inc. moved to intervene in this action alleging that it "also has a maritime lien against the vessel because it provided necessaries to the vessel in the form of fuel oil."  Docket No. 13.  Upon information and belief, this Court has yet to rule on World Fuel Services, Inc.'s Motion to Intervene.

5) As set forth in Sprague's Verified Complaint-in-Intervention, upon the order of persons authorized by the owner of the Vessel, Sprague provided bunkers to the Vessel in Portland, Maine on June 16, 2015 and July 2, 2015.  In addition, the Vessel, and those with authority to bind the Vessel, facilitated and accepted the bunkers in Portland, Maine on June 16, 2015 and July 2, 2015.  Despite this, Sprague has yet to receive any payment in connection with its provision of bunkers.

6) By reasoning of the foregoing, Sprague holds valid maritime liens for necessaries against the Vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31341-31343 and the general maritime law.

7) Pursuant to Fed. R. Civ. P. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest…"  As discussed above, Sprague's provision of bunkers to the Vessel gives rise to maritime liens for "necessaries" against the Vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31341-31343 and the general maritime law.  Accordingly, these maritime liens grant Sprague an interest relating to the property that is the subject of the action – the Vessel.  In addition, if Sprague is not

{W5189885.1}

permitted to intervene in this action, its practical ability to protect its interest in the Vessel will be impaired and impeded because: 1) the Vessel may be sold at a court ordered auction causing Sprague's maritime lien claims to be extinguished; and, 2) the Vessel may be permitted to leave the jurisdiction potentially depriving Sprague of the opportunity to enforce its lien rights.

8) Additionally, this Court's granting Sprague's Motion to Intervene will serve the interests of judicial economy and efficiency because: 1) lien claims against the Vessel will be consolidated into a single action, which will allow for an orderly determination of lien priority; and 2) if the Vessel is sold pursuant to Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Sprague's participation in this action will allow for an orderly disposition of any sale proceeds.

9) Failing to grant Sprague's Motion to Intervene could result in Sprague suffering irrevocable prejudice, as it could lose all meaningful prospects to pursue its lien claims against the Vessel.

10) A [Proposed] Verified Complaint is attached hereto as Exhibit A.  In accordance with the Rule (k) of the Administrative Procedures Governing the Filing and Service by Electronic Means, A proposed Order granting Sprague leave to intervene and file the Verified Complaint will be emailed to the Clerk of the Court upon request.

WHEREFORE, Intervening Plaintiff, Sprague Operating Resources, LLC, respectfully requests that this Court grant its Motion for Leave to Intervene and that this Court award it such other and further relief it deems just and proper.

Dated:  November 4, 2015                              Respectfully submitted,

                                                                                                                          /s/ Michael J. Daly_____

        Michael J. Daly
        PIERCE ATWOOD LLP
        72 Pine Street, 5th Floor
        Providence, RI 02903
        (401) 490-3424
        mdaly@pierceatwood.com

*Attorneys for Intervening Plaintiff's Sprague Operating Resources, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2015, I electronically filed the above documents by using the CM/ECF system which will send notification of such filing(s) to the all registered participants.

Dated: November 4, 2015                                /s/ Michael J. Daly

{W5189885.1}