UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **PORTLAND PILOTS, INC.,** | ) |
| | ) |
|                **Plaintiff,** | ) |
| | ) |
|        v. | ) |
| | ) |
| **NOVA STAR,** *in rem,* | ) |
| | ) |
|               **Defendant,** | ) |
| | ) |
| **WORLD FUEL SERVICES, INC.,** | ) |
| | ) |
|               **Movant,** | ) |
| _____ | )    **Civil Action No. 2:15-cv-00442-DBH** |
| | )                **IN ADMIRALTY** |
| **BROWN SHIP SERVICES,** | ) |
| | ) |
|            **Plaintiff-in-Intervention,** | ) |
| | ) |
|    v. | ) |
| | ) |
| **M/V NOVA STAR,** *in rem,* | ) |
| and | ) |
| **NOVA STAR CRUISES, LTD.,** *in* | ) |
| *personam* | ) |
| | ) |
|              **Defendant,** | ) |

**BROWN SHIP SERVICES' VERIFIED COMPLAINT
IN INTERVENTION TO ENFORCE
MARITIME LIEN**

Plaintiff-in-Intervention Brown Ship Services ("Brown") submits this Verified Complaint to recover for necessary services that Brown provided to a vessel in foreign trade, and to foreclose Brown's maritime lien against that vessel.

## PARTIES AND PROCEDURAL MATTERS

1. Brown is a Maine company with a principal place of Business at 11 Wallace Avenue, South Portland, Maine, offering ship chandlery and other services.

2. The *in rem* defendant, the Motor Vessel *Nova Star*, is a Bahamian Flagged passenger vessel (IMO #9462067). As used here, and for purposes of Brown's remedy, the term "*Nova Star*" or "the Vessel," embraces the defendant vessel herself, together with her engines, masts, rigging, tackle, machinery, and all appurtenances and apparel, accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom. *Nova Star* is now and will be, during the pendency of this action, in Portland, Maine, within the District and jurisdiction of this Court and this Court has jurisdiction over the Res.

3. The *in personam* Defendant, Nova Star Cruises, Ltd., is, upon information and belief, the charterer and owner *pro hac vice* of *Nova Star*.

4. *Nova Star* is now under arrest within this District, pursuant to process issued in this matter, and thus within the jurisdiction of this Honorable Court.

5. Upon information and belief, the *M/V Nova Star* (IMO #9462067) is owned and/or operated by Nova Star Cruises, Ltd., a foreign corporation duly authorized to do business in the State of Maine, with a place of business in Eliot, Maine and/or Nova Star Cruises USA, Inc., a corporation duly organized and existing under the laws of the State of Maine, with a place of business in Portland, Maine.

6. Jurisdiction is founded, *inter alia*, upon 28 U.S.C. § 1331, § 1332, § 1333, and § 1367 and in addition upon 46 U.S.C. § 31342. Venue of this case is proper in this District, inasmuch as the defendant vessel is already under arrest by this Court.

7.  This is an admiralty and maritime claim within the meaning of Rule 9(h) Federal Rules of Civil Procedure, and Admiralty Rules C and E.

## EVENTS

8.  *Nova Star* has been in operation for two seasons as a passenger vessel and ferry running between Portland, Maine and Yarmouth, Nova Scotia.

9.  At all relevant times, Brown has provided chandlery and other services providing necessaries to *Nova Star* on order of her master, charterers, or owners, *pro hac* or otherwise, directly or through her agent.

10. Brown has provided necessaries including goods and services to *Nova Star* on a number of occasions for which Brown has not been paid. The value of the port services Brown has provided to *Nova Star* remaining unpaid to date is FORTY EIGHT THOUSAND ONE HUNDRED TEN AND 58/100 DOLLARS ($48,110.58).

11. Any conditions precedent to the maintenance of this action have been satisfied.

## COUNT I
### (For Necessaries Against M/V *Nova Star*, *in rem*)

12. Brown repeats and realleges the averments of the foregoing paragraphs as if set forth here at full length.

13. The goods or services supplied to *Nova Star* constitutes necessaries as to the operation of the vessel.

14. Brown is entitled to compensation for the necessaries provided to *Nova Star*, including, without limitation, all goods and services provided to her.

15. By reason of the foregoing, Brown is entitled and authorized to exercise against the defendant vessel all the rights and remedies conferred upon it by the provisions of 46 U.S.C.

§§ 31301-31343, and is entitled to judgment in the amount of $48,110.58 against the *Nova Star*, *in rem*.

## COUNT II
### (For Breach of Maritime Contract Against M/V *Nova Star, in rem*)

16. Brown repeats and realleges the averments of the foregoing paragraphs as if set forth here at full length.

17. Provision of goods and services to the *Nova Star* were the subject of a maritime contract between Brown and her master, operator, charterer or owners, *pro hac* or otherwise concerning the operation of *Nova Star*.

18. The said maritime contract has been breached, and *Nova Star* is liable therefore *in rem*.

19. By reason of the foregoing, Brown is entitled and authorized to exercise against the defendant vessel all the rights and remedies conferred upon it by the provisions of 46 U.S.C. §§ 31301-31343, and is entitled to judgment in the amount of $48,110.58 against *Nova Star*.

## COUNT III
### (For Breach of Contract Against Nova Star Cruises)

20. Brown repeats and realleges the averments of the foregoing paragraphs as if set forth here at full length.

21. Nova Star Cruises has breached its contract with Brown, with resulting damages to Brown. Nova Star Cruises is therefore liable to Brown in the amount of FORTY EIGHT THOUSAND ONE HUNDRED TEN AND 58/100 DOLLARS ($48,110.58).

## COUNT IV
### (Unjust Enrichment and Quantum Meruit Against Nova Star Cruises)

22. Brown repeats and realleges the averments of the foregoing paragraphs as if set forth here at full length.

23. Brown performed correctly and diligently its obligations under the arrangements made for performance and payment of its services and goods provided.

24. Brown has a lawful entitlement to fees earned by providing port services to Nova Star Cruises.

25. Brown carried out its obligations to the defendants in good faith.

26. Nova Star Cruises has received and had the benefit of Brown's provision of goods and services with a fair and reasonable value of FORTY EIGHT THOUSAND ONE HUNDRED TEN AND 58/100 DOLLARS ($48,110.58).

27. For Nova Star Cruises to escape the obligation to make payment to Brown would constitute unjust enrichment, in that it would be inequitable for Nova Star Cruises to retain the benefit of Brown's services without compensating Brown for them.

28. Nova Star Cruises is accordingly liable to Brown in unjust enrichment and/or *quantum meruit* for the sum of FORTY EIGHT THOUSAND ONE HUNDRED TEN AND 58/100 DOLLARS ($48,110.58).

WHEREFORE, Brown prays for orders as described below and demands judgment in its favor as follows:

    (a) That the rights of Brown be declared a valid and subsisting maritime lien on the vessel *Nova Star*, together with her engines, masts, rigging, tackle, machinery, appurtenances and apparel, accessories and additions,

improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom, with a lien priority according to United States law;

(b) That the vessel *Nova Star*, her engines, machinery, equipment, etc., be maintained under arrest, and then condemned and sold by order of this Honorable Court and Brown be paid forthwith from the proceeds of such sale an amount necessary to discharge said lien for necessaries;

(c) That it be decreed that any and all persons, firms, or corporations claiming any interest in the vessel *Nova Star* arising prior to its sale by this Court are thereafter forever barred and foreclosed from all right, including any equity of redemption claim, in or to the vessel *Nova Star*, and every part thereof, or any proceeds from the sale of said vessel by reason of any such interest;

(d) That judgment enter in favor of Brown against the *Nova Star* (and/or the proceeds of her sale) *in rem* in an amount no less than FORTY EIGHT THOUSAND ONE HUNDRED TEN AND 58/100 DOLLARS ($48,110.58), TOGETHER WITH interest, custodial costs, costs of collection and suit, costs of arrest and keeping the Vessel (including without limitation all fees paid to the USMS) (if any), or in such amount as may later be made to appear at trial or hearing;

(e) That judgment enter in favor of Brown against Nova Star Cruises *in personam* in an amount no less than FORTY EIGHT THOUSAND ONE HUNDRED TEN AND 58/100 DOLLARS ($48,110.58), and in such further amount as to make it whole for its actual damages and losses, TOGETHER WITH interest, custodial costs, costs of collection, and suit.

(f) That the Court issue a supplemental Warrant of Arrest against *Nova Star* to secure Brown's claim pursuant to Admiralty Rules C and E.

(g) That Brown may have such other and further relief as the justice of its cause may require.

Dated at Portland, Maine this 4th day of November, 2015.

              /s/ Michael Kaplan
            Michael Kaplan
            Attorney for Plaintiff-in-Intervention
            Brown Ship Services

PRETI FLAHERTY
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Tel: (207) 791-3000
mkaplan@preti.com

**VERIFYING DECLARATION**

Charles A. Poole gives the following verification pursuant to 28 U.S.C. § 1746:

1.    I am President of Brown Ship Services. I have been involved with and have responsibility for the events and amounts at issue in the foregoing complaint. As a result, I am familiar with the events that form the basis for this action.

2.    I am familiar with or am the Keeper of the Records of Brown Ship Services relating to this matter.

3.    I have read the allegations of the foregoing complaint, and state that they are true and correct. The basis of my statement is my personal knowledge of the events alleged, and my review of the records of Brown Ship Services.

Date: __11/4/15_____    _/s/ Charles A. Poole_____
    Charles A. Poole

STATE OF MAINE
CUMBERLAND, ss.    November 4, 2015

Personally appeared before me the above-named Charles Poole, to be the person who signed the foregoing verification and who, having been duly sworn by me, stated that he had read the contents of the foregoing verification and the Complaint, and that the same is true, except where stated on information and belief, in which case he believes it to be true.

    Before me,

    _/s/ Nancy N. Condon_____
    Notary Public

    _____
    Typed or Printed name
    My Commission Expires:  __Dec. 3, 2017_

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 4, 2015 I made due service of the foregoing Verified Complaint in Intervention to Enforce a Maritime Lien by electronically filing with the Clerk of Court using the CM/ECF system.

              /s/ Michael Kaplan
              Michael Kaplan
              Attorney for Plaintiff-in-Intervention
              Brown Ship Services