UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND PILOTS, INC.,<br><br>    Plaintiff<br><br>v.<br><br><br><br>M/V NOVA STAR,<br><br>    Defendant | **Civil Action**<br>**Docket No.: 2:15-cv-00442-DBH** |

**VERIFIED STATEMENT OF RIGHT OR INTEREST IN SEIZED PROPERTY AND MOTION TO REMOVE SEIZED PROPERTY**

Century Resorts International LTD. ("Century"), by its undersigned counsel, comes before the Court to file a Verified Statement of Right or Interest in its seized property aboard M/V Nova Star (IMO #9462067) ("Vessel") and to move the Court to remove or release said property pursuant to this Court's Order for Issuance of Warrant for Maritime Arrest of M/V Nova Star (IMO #9462067) ("Order") (Docket No. 7), the Clerk's Warrant for Arrest of the Vessel ("Warrant") (Docket No. 12), and Rule C(6) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. This Statement is verified by the Declaration of Margaret Stapleton, filed contemporaneously herewith.

1. Century asserts its right and interest in its property on board the Vessel, which was arrested by the U.S. Marshal on or about October 30, 2015, pursuant to this Court's Order and Warrant.

2. The Order and Warrant were issued pursuant to a law suit filed by Plaintiff in order to enforce its maritime lien for necessaries against the Vessel. The Vessel is owned by Singapore Technologies Marine Limited ("ST Marine"), and was at all times relevant to this matter operated as a passenger ferry by Nova Star Cruises Ltd. ("Nova Star Cruises").

3. The Order and Warrant state that "any individual or corporation making claim to the property seized hereunder shall file a verified statement of right or interest within fourteen (14) days after execution of process, or within such time as may be allowed by the Court, and shall serve his answer within twenty-one (21) days after the filings of the verified statement of right or interest."

4. Execution of process occurred on the Vessel on or about October 30, 2015 when the warrant was issued and the vessel was arrested. Fourteen days after the execution of process is November 13, 2015. Therefore, even though Century has not been served, Century's filing of this verified statement of interest or right is timely.

5. Rule C(6)(a)(i)-(iv) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure dictates that an attorney may file a verified statement of right or interest on behalf of

an interested person or corporation if it has "possession or ownership interest in the property that is the subject of the action." The Rule further stipulates that the statement of right or interest must "describe the interest in the property that supports the person's demand for its restitution."

6. On February 13, 2014, Century and Nova Star Cruises entered into a Casino Concession Agreement for Casino Operations aboard the Vessels of NOVA STAR CRUISES LTD ("Concession Agreement").

7. In accordance with the Concession Agreement, Century provided some of its property in the form of casino gaming equipment, a surveillance system, and office furniture, along with several of its own employees to manage casino activities on board the Vessel.

8. At all times relevant to this matter, Century has retained full ownership of its property on board the Vessel.

9. A full outline and description of Century's property on board the Vessel is attached hereto as Exhibit A. In sum, Century's property on board the Vessel is currently valued at $295,053.26, and is comprised of the following:

- Casino office building;
- Slot bases that slot machines sit on;
- Table games equipment including two (2) blackjack tables, four (4) drop boxes, tip boxes, and chip trays;

- Advansys slot accounting system, including servers, networking equipment, laptop, and slot machines interfaces;
- Six (6) WMS Bluebird 1 Slant Top slot machines;
- Six (6) Konami K2V Upright dual LCD slot machines with LCD in the top box;
- Five (5) Konami Advantage 5 reel slot machines with LCD in the top box;
- Five (5) IGT Trimline slot machines with AVP processors and Dual LCDs;
- Six (6) 19-inch Slant Top slot machines with video poker software and LCD;
- Four (4) IGT I-Game Uprights with video poker software and LCD;
- Four (4) IGT I-Game Uprights with video reel themed software and LCD;
- Eight (8) S2000 reel slot machines;
- Four (4) Bally 29 reel slot machines with LCD in top box;
- Six (6) Bally V20 video slot machines with LCD;
- Four (4) Bally CineVision slot machines with LCD;
- Eight (8) Aristocrat Upright VI video slot machines with LCD (also known as MAV500);
- Four (4) Aristocrat Slant Mark VI video slot machines with LCD (also known as MAV500 Crown Slant);

4

- Office furniture consisting of desk, chairs, and file cabinet;

- Eighty-four (84) casino chairs;

- Cummins duel currency bill counter;

- Cash deck safe; and

- Surveillance system including laptop, software, and approximately eight (8) or nine (9) cameras.

10. All of Century's property on board the Vessel is incidental to the arrest. Century's property is in no way part of the Vessel itself or its engines, tackle, equipment, appurtenances, fixtures, etc. Century's property is not necessary to the navigation, operation, or mission of the Vessel. Century's property is removable and is not essential to the Vessel.

11. No provision in the Concession Agreement serves as intent for Century's property to be subject to the credit of the vessel. The plaintiff's maritime liens in no way attach to Century's property.

WHEREFORE Century files this Verified Statement of Right or Interest in Seized Property and respectfully moves for the Court to order Century's seized property removed or released from the Vessel.

DATED: November 11, 2015

                                            /s/ Clifford H. Ruprecht

                                            Clifford H. Ruprecht

David S. Bischoff

ROACH HEWITT RUPRECHT
SANCHEZ & BISCHOFF, P.C.
66 Pearl Street, Suite 200
Portland, ME 04101
(207) 747-4870
cruprecht@rhrsb.com
dbischoff@roachhewitt.com

Laurence W. Demuth, III
Faegre Baker Daniels, LLP
1470 Walnut Street
Suite 300
Boulder, CO 80302
(303) 447-7700
*Admission pro hac vice pending*

Evelyn D. Levine
Faegre Baker Daniels, LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
(612) 766-7000
*Admission pro hac vice pending*

Laura A. Reilly
Faegre Baker Daniels, LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
(612) 766-7000
*Admission pro hac vice pending*

*Attorneys for Century Resorts International LTD.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused the foregoing Verified Interest of Right or Interest in Seized Property and Motion to Remove Seized Property to be filed with the Clerk of the Court using the Court's CM/ECF system, which will effect service on all registered counsel of record.

DATED: November 11, 2015

                                          /s/ Clifford H. Ruprecht

                                        Clifford H. Ruprecht

                                        ROACH HEWITT RUPRECHT
                                        SANCHEZ & BISCHOFF, P.C.
                                        66 Pearl Street, Suite 200
                                        Portland, ME 04101
                                        (207) 747-4870
                                        cruprecht@rhrsb.com