UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| Portland Pilots, Inc. | Civil Action<br>Docket No.: 2:15-cv-00442-DBH |
| Plaintiff, | |
| v. | |
| M/V NOVA STAR her engines, tackle, equipment, appurtenances, etc., *in rem*, | |
| Defendant. | **VERIFIED INTERVENING COMPLAINT** |
| Cockett Marine Oil DMCC | |
| and | |
| McAllister Towing and Transportation Company, Inc. d/b/a Portland Tugboat, LLC | |
| Intervening Plaintiffs, | |
| v. | |
| M/V NOVA STAR, her engines, tackle, equipment, appurtenances, etc., *in rem*, | |
| Nova Star Cruises Ltd, *in personam*, | |
| Singapore Technologies Marine Limited, *quasi in rem* | |
| The Bunkers and Related Fuel Aboard the M/V NOVA STAR, *in rem*, | |
| Defendants, and | |
| The Master of the M/V NOVA STAR, | |
| Garnishee. | |

Intervening Plaintiffs Cockett Marine Oil DMCC ("Cockett") and McAllister Towing and Transportation Company, Inc., d/b/a Portland Tugboat, LLC ("McAllister") complain as follows pursuant to Supplemental Rule C against the M/V NOVA STAR, her engines, tackle, equipment, appurtenances, etc., *in rem* ("Vessel"), against Nova Star Cruises Ltd*., in personam* ("Nova Star"), against Singapore Technologies Marine Limited ("ST Marine") *quasi in rem* pursuant to Supplemental Rule B, and, for Cockett, pursuant to Supplemental Rule D, against the Bunkers and Related Marine Fuel aboard the Vessel, *in rem*:

## Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction arising under Rule 9(h) of the Federal Rules of Civil Procedure.

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1333(1).

3. Venue is proper in this district because the Vessel is now within this District and within the jurisdiction of this Court and because the relevant transactions occurred within the District.

## The Parties

4. McAllister is a corporation organized under the laws of the State of Delaware with a principal place of business in New York, New York.

6. Cockett is a Dubai corporation with its principal place of business in Dubai.

7. Upon information and belief, the Vessel is a ship owned by defendant ST Marine, chartered or formerly chartered by Nova Star, a Nova Scotia corporation registered to do business in Maine, as bareboat charterer.   ST Marine is a foreign corporation with offices in Singapore, and is not found within this District within the meaning of Supplemental Admiralty Rule B.

**The Facts**

8.  Upon information and belief, at the times relevant to this suit, the Vessel was bareboat chartered to Nova Star Cruises.

9.  From at least June 8, 2015 through and including October 2, 2015, McAllister on the order of the Vessel's managers, agents or charterers provided tugboat services to the Vessel for docking and/or undocking the Vessel in Portland, Maine.   After each tug service, McAllister issued invoices to Nova Star which remain unpaid, in the amount of $12,030.   Such tugboat services were maritime necessaries for the Vessel.

10.  From at least August 31, 2015 through and including October 31, 2015, Cockett on the order of the Vessel's managers, agents or charterers provided Bunkers and related Marine Fuel ("Marine Fuel") at Portland, Maine to the Vessel.   After each provision of Marine Fuel, Cockett issued invoices to the manager for Nova Star which remain unpaid, in the amount of $1,057,910.06.   Such Marine Fuel was and is a maritime necessary for the Vessel.

11.  Despite requests for payments for the amounts due for the maritime necessaries that McAllister and Cockett provided on the order of the Vessel's managers, agents or charterers, neither McAllister nor Cockett have been paid for their maritime necessaries provided to the Vessel.

**COUNT I – Against the Vessel, *In Rem*- McAllister and Cockett**
**Supplemental Admiralty and Maritime Rule C**

12.  McAllister and Cockett repeat the foregoing paragraphs.

13.  Pursuant to the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 31341 and 31342 and the General Maritime Law of the United States, McAllister and Cockett each hold maritime liens *in rem* against the Vessel, in the amount of their maritime necessaries provided to the Vessel and prejudgment interest.

14. Pursuant to Supplemental Admiralty and Maritime Rule C, this Court accordingly should order the Vessel sold to satisfy McAllister's and Cockett's maritime liens *in rem* and interest, as well as all costs of arrest and of *custodial legis* for the Vessel, further entering judgment against the Vessel, *in rem* with satisfaction of the Vessel sale proceeds, as demanded below.

### COUNT II – Against Nova Star, *In Personam- McAllister and Cockett*

15. McAllister and Cockett repeat the foregoing paragraphs.

16. Nova Star has breached its maritime contracts with McAllister and Cockett.

17. This Court accordingly should enter judgment against Nova Star, *in personam*, as demanded below, for the principal amounts due, contractual interest, attorneys fees, and all costs of arrest including expenses *custodia legis*.

### COUNT III – Against ST Marine, *Quasi In Rem- McAllister and Cockett*
### Supplemental Admiralty and Maritime Rule B

18. McAllister and Cockett repeat the foregoing paragraphs.

19. ST Marine, as owner of the Vessel, has been unjustly enriched by the maritime necessaries which McAllister and Cockett provided to the Vessel.

20. Pursuant to Supplemental Admiralty and Maritime Rule B, this Court accordingly should order the Vessel sold to satisfy McAllister's and Cockett's unjust enrichment claims against ST Marine, *quasi in rem* as well as all costs of attachment and of *custodial legis* for the Vessel, further entering judgment against ST Marine with satisfaction of that judgment from the Vessel sale proceeds, as demanded below.

### COUNT IV – Against the Bunkers and Related Marine Fuel
### Aboard the Vessel, *In Rem- Cockett*
### Supplemental Admiralty and Maritime Rule D

21. Cockett repeats the foregoing paragraphs.

22. Cockett's sales terms and conditions for the Marine Fuel provide that Cockett

continues to hold title to the Marine Fuel until paid for it.

  23. Pursuant to Supplemental Admiralty and Maritime Rule D, this Court accordingly should declare that the Marine Fuel is the property of Cockett, ordering such Marine Fuel as remains on the Vessel to be sold or otherwise returned to Cockett, with Cockett receiving the proceeds of sale as well as all costs of removing or selling the Marine Fuel, as demanded below.

  WHEREFORE, Intervening Plaintiffs McAllister and Cockett demand:

    **A.** **In response to Count I – against the Vessel *In Rem*:**

     1. That this Court permit intervention of Plaintiffs McAllister and Cockett in this action to assert their claims *in rem* against the Vessel, her engines, tackle, equipment and appurtenances, etc. (collectively herein, "Vessel"), as if a warrant for the arrest of the Vessel had been issued and served by the United States Marshal on the Vessel, with notice to all persons claiming any interest therein to appear and answer this Verified Intervening Complaint;

     2. That the claims of McAllister and Cockett be adjudged to hold maritime liens *in rem* against the Vessel, and that judgment be entered in favor of McAllister and Cockett and against the Vessel in the respective principal amounts of $12,030 for McAllister and $1,057,910.06 for Cockett, with prejudgment interest, costs and *custodia legis* expenses;

     3. That the Vessel be condemned and sold to pay judgment entered in favor of McAllister and Cockett.

    **B.** **In Response to Count II – *In Personam* Against Nova Star:**

     1. That this Court enter judgment against Nova Star and in favor of McAllister and Cockett in the respective principal amounts of $12,030 for McAllister and $1,057,910.06 for Cockett, with contractual interest, costs,

contractual attorneys' fees and *custodia legis* expenses;

**C.     In Response to Count III – *Quasi In Rem* Against ST Marine**:

1.     That this Court permit intervention of Plaintiffs McAllister and Cockett in this action to assert their claims *quasi in rem* against property of ST Marine in this District, namely, the Vessel, her engines, tackle, equipment and appurtenances, etc. (collectively herein, "Vessel"), as if a writ of maritime attachment for the Vessel had been issued and served by the United States Marshal on the Master of the Vessel, Garnishee, with notice to all persons claiming any interest therein to appear and answer this Verified Intervening Complaint;

2.     That judgment be entered in favor of McAllister and Cockett and against ST Marine in the respective principal amounts of $12,030 for McAllister and $1,057,910.06 for Cockett, with prejudgment interest, costs and *custodia legis* expenses;

3.     That the Vessel be condemned and sold to pay judgment entered in favor of McAllister and Cockett.

**D.     In Response to Count IV – *In Rem* Against the Marine Fuel**:

1.     That this Court permit intervention of Plaintiff Cockett in this action to assert its claims *in rem* against the Marine Fuel, as if a warrant of arrest pursuant to Supplemental Rule D had been issued and served by the United States Marshal, with notice to all persons claiming any interest therein to appear and answer this Verified Intervening Complaint;

2.     That judgment be entered in favor of Cockett, declaring that the Marine Fuel is the property of Cockett, ordering such Marine Fuel as remains on the Vessel to be sold or otherwise returned to Cockett, with Cockett receiving the

proceeds of sale as well as all costs of removing or selling the Marine Fuel; and

E.  **In Response to All Counts**:  That this Court award McAllister and Cockett other and further proper relief.

DATED: November 12, 2015              /s/ Andrew C. Helman
                                       Andrew C. Helman, Esq.
                                       Marcus, Clegg & Mistretta, P.A.
                                       One Canal Plaza, Suite 600
                                       Portland, ME 04101
                                       (207) 828-8000

                                              and

                                       /s/ J. Stephen Simms
                                       J. Stephen Simms (*pro hac vice* pending)
                                       Simms Showers LLP
                                       201 International Circle
                                       Baltimore, Maryland 21030
                                       (410) 783-5795

                                       Counsel for Intervening Plaintiffs
                                       Cockett Marine and
                                       McAllister Towing and Transportation
                                       Company, Inc. d/b/a Portland Tugboat, LLC

**VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, and counsel to intervening Plaintiffs McAllister and Cockett.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of McAllister and Cockett made available to me by McAllister and Cockett.   Authorized officers of McAllister and Cockett are not readily available in this District to make verifications on McAllister's and Cockett's behalf.   I am authorized to make this verification on McAllister's and Cockett's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Singapore Technologies Marine Limited, finding no presence of Singapore Technologies Marine Limited in this District.   There is no record of any general or resident agent authorized to accept service of process for Singapore Technologies Marine Limited in this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 11, 2015.

/s/ J. Stephen Simms
_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of November, 2015, I caused the foregoing Intervening Verified Complaint to be filed via the Court's CM/ECF system for service on all counsel of record.

/s/ Andrew C. Helman