UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| PORTLAND PILOTS, INC.<br>　　Plaintiff,<br>PORTLAND DEVELOPMENT<br>CORP., Claimant & Intervening<br>Plaintiff<br><br>v.<br><br><br>M/V NOVA STAR, *in rem*,<br>　　Defendant. | No. 2:15-cv-00442-DBH |

**ORDER ON BILL OF COSTS**

Commencement of this action began when Plaintiff Portland Pilots, Inc. ("Pilots") requested a warrant to affect the maritime arrest of *M/V Nova Star*. The Court issued the warrant on October 30, 2015, and *M/V Nova Star* was arrested and placed into the care of substitute custodian National Maritime Services ("NMS"). *Order,* ECF No. 10 and *Warrant*, ECF No. 12. The vessel remained in the care of NMS until November 30, 2015, when it was discharged by Court order. *Order*, ECF No. 149. Multiple parties and claims were involved in this action. All claims against the Defendant vessel and its owners, Singapore Technologies Marine, Ltd. ("Owners"), were settled with the exception of the claims by Intervenor Plaintiffs Portland Development Corp. ("PDC") and Maine Uniform Rental, Inc. Separate bench trials were held for PDC and Maine Uniform Rental. *See* ECF Nos. 281 and 286. Defendant received judgment in its favor against PDC. *Judgment*, ECF No. 293. As the prevailing party, Defendant *M/V Nova Star* and its Owners

have filed a Bill of Costs requesting the taxation of costs against Plaintiff PDC in the amount of $103,248.52 for custody charges. *Bill of Costs*, ECF No. 304. Plaintiffs have objected. *Objection*, ECF No. 306.

## I.     Taxable Costs

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."

The term "costs," as used in Rule 54(d)(1), is defined by a comprehensive listing of such costs in 28 U.S.C. § 1920 that the Court may award. The Court is limited by that statute and may only award those costs explicitly authorized by it. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-445 (1987).

The first subdivision of section 1920 permits the taxation of "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Though not proven by Defendant, the claimed costs associated with the custody of *M/V Nova Star* could be claimed as falling within subsection (1). None other would be possible. Fees charged by the marshal would be taxable as outlined in 28 U.S.C. § 1921, but Defendant has not proven that these costs are marshal fees, under the only relevant section, 28 U.S.C. § 1921(a)(1)(E), which permits the taxation of costs by the marshal for "[t]he keeping of attached property (including boats, vessels . . . .)." Plaintiff PDC argues that Defendant has not properly claimed marshal's fees and has provided no

statutory basis for claiming the costs. *Objection to the Allowance of Requested Costs*, ECF No. 306, p. 5.

Before any Bill of Costs is taxed, the party claiming the cost is to attach an affidavit that the claimed items are correct and have "been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. In this case, Defendant has not submitted an affidavit in support of its Bill of Costs, but only a copy of a bill by NWS for custodial charges related to the custody period of "10/30/15-11/30/15" *Bill of Costs*, ECF No 304-1. Some courts have held that the failure to provide a proper affidavit of costs can bar the taxation of costs. *See, e.g. Wahl v. Carrier Manufacturing Co.*, 511 F.2d 209 (7th Cir. 1975). It is presumed, but not proven by affidavit or supporting documentation, that these costs were incurred as marshal costs within the meaning of § 1921(a)(1)(E) where NWS was to serve as a custodian for the marshal. *Order Appointing Substitute Custodian*, ECF No. 10, p. 2.

Owners also assert in supplemental filings that it is asking the Court to tax PDC "its pro rata share of the costs [of arrest and custody]" set forth in the Bill of Costs based on equitable grounds described in *Mullane v. Chambers*, 438 F.3d 132, 138 (1st Cir. 2006). *Reply of Owners in Support of Request to Tax Costs*, ECF No. 308, p. 2.[1] However, Owners has not established that the Clerk (as opposed to a district judge) has the authority to tax costs on equitable grounds.

---

[1] The Clerk grants Defendant's Motion for Leave to File Reply Memorandum, ECF No. 311 and denies PDC's Motion to Strike Reply, ECF No. 309.

Plaintiff PDC has also objected to the Bill by saying that "expenses of arrest are not a taxable cost" within the meaning of 28 U.S.C. § 1920 but "constitute a maritime lien *in custodia legis*, which lien is lost when the vessel is released." *Objection to the Allowance of Requested Costs*, ECF No. 306, p. 2. Plaintiff argues that it did not arrest Defendant vessel and that the imposition of costs against it would be akin to transferring "to one party the settlement costs of another." *Id.* at p. 5. Plaintiff also asserts that the Bill of Costs is erroneous because the Owners agreed to pay the costs of arrest in their settlement with Pilots and because Owners disputed some portions of NWS's billings. *Id.* at 2.

Defendant has not established that the costs outlined in its Bill of Costs are taxable pursuant to 28 U.S.C. § 1920 and has not demonstrated that the Clerk has authority to tax custodial costs on equitable grounds.

## II.   Allocation of Costs

The Bill of Costs seeks to recover the fees of substitute custodian NMS in the amount of $103,248.52 for the period of October 29, 2015 - December 1, 2015 when the M/V Nova Star was under arrest. Even if the Clerk has authority to tax the costs requested pursuant to 28 U.S.C. § 1920 or on equitable grounds, the Clerk cannot determine what portion of the costs are attributable to PDC or the amounts that were otherwise paid by other parties pursuant to court order or stipulation of counsel. For example, on November 12, 2016 U.S. Magistrate Judge John H. Rich III ordered that World Fuel Services, Inc. and Portland Pilots, Inc. share in paying

for the costs stemming from the arrest of the vessel and invoiced by substitute custodian NMS. See *Order Allocating Custodial Costs,* ECF. No. 51.

During the time the vessel was under arrest, other parties filed claims or sought permission to intervene as plaintiffs. Moreover, PDC did not file its claim until November 9, 2015, yet Owners seek to tax costs against PDC for fees that were incurred prior to PDC's appearance in the case. The arrest of the vessel benefitted other parties, so the question remains as to whether the Clerk should tax the full amount of custodial fees against PDC.

The record in this matter also reflects that the Owners agreed to pay the charges of NMS that were "attributable or otherwise allocated" to other parties. See *Stipulation Dismissing Sprague's Intervening Complaint, With Prejudice,* ECF. No. 78, *Stipulation Dismissing McAllister's D/B/A Portland Tugboat LLC's Intervening Complaint, With Prejudice,* ECF. No. 79, and *Stipulation Dismissing Cockett Marine Oil DMCC's Intervening Complaint, with Prejudice.* ECF No. 84. And finally, the Court has already taxed some of the custodial charges against Century Resorts International LTD. See *Memorandum of Decision and Order on Cross-Motions Regarding Taxation of Custodial Charges to Claimant,* ECF No. 296. There is no indication in Defendant's Bill of Costs that this amount awarded by the Court or other amounts attributable to other claimants and otherwise resolved have been accounted for or credited against the costs sought in the Bill.

### III. Conclusion

Where the Defendant has filed a Bill of Costs without a supporting and explanatory affidavit, where the claimed cost is large and in dispute, where the authority of the Clerk to tax the custodial costs pursuant to 28 U.S.C. 1920 or on equitable grounds has not been established, and because the Clerk cannot determine which arrest costs have been paid by other parties pursuant to court order or stipulation of counsel, the Clerk denies the Bill of Costs.

IT IS SO ORDERED.

/s/ Christa K. Berry<br>Clerk

Dated this 6th day of January, 2017.