# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND PILOTS, INC., ET AL., ) <br> ) <br> PLAINTIFFS ) <br> ) <br> v. ) <br> ) <br> M/V NOVA STAR *in rem*, ET AL., ) <br> ) <br> DEFENDANTS ) | CIVIL NO. 2:15-CV-442-DBH |

# PROCEDURAL ORDER

The attorney for the Portland Development Corporation has asked the Clerk's Office for the document or Order the court referred to at a conference of counsel on April 6, 2017, that showed the Portland Development Corporation agreeing to cost sharing.

I do not recall ever stating that the Portland Development Corporation had agreed to cost sharing. I did refer to Judge Rich's Report of Hearing and Order re: Allocation of Custodial Costs on November 10, 2015 (ECF No. 47), before Portland Development Corporation's and Maine Uniform Rental's intervention. In that Order, Judge Rich "declined to enter an order affecting the rights and obligations of future intervenors," and stated that he "would address cost allocation issues once any motion to intervene had been granted and the new intervenor plaintiff had been afforded an opportunity to be heard on the matter." Thereafter, Portland Development Corporation and Maine Uniform Rental both did move to intervene. Maine Uniform Rental's motion was granted on

November 24, 2015, because no objection had been filed. See ECF No. 90. The plaintiff Portland Pilots, Inc. objected to Portland Development Corporation's motion to intervene in part on the basis that Portland Development Corporation had not "arranged . . . for assuming the financial responsibility of the current custodian." ECF No. 95 at 2. The Owners of the defendant vessel asserted separately that if the Court did allow Portland Development Corporation to intervene, intervention should be conditioned on posting security "to reimburse the Owners for the custodial charges they are now paying to hold their vessel in a foreign port, even though all arresting complainants' claims have been fully satisfied." ECF No. 97 at 2.

On November 24, 2015, by text entry (ECF No. 101), Judge Rich granted Portland Development Corporation's motion to intervene, stating that "[t]he plaintiff's limited objection that the City [of Portland] and the PDC have not arranged . . . to assume financial responsibility for the current custodian" is "SUSTAINED to the extent that counsel for the plaintiff and for the City and the PDC are directed to submit on or before Tuesday, December 1, 2015, a proposed form of order requiring that the City and the PDC share in the costs of maintaining the vessel, consistent with the Order Allocating Custodial Costs previously entered by the court, ECF No. 51." Judge Rich overruled the Owners' Objection (ECF No. 97).

I do not find the "proposed form of order" that Judge Rich requested. There was a hearing on November 30, 2015, and there are minute entries. See ECF Nos. 147-50. But the minute entries do not address the subject of the current

dispute, the parties disagree on or do not recall what happened at that hearing, and no one has ordered a transcript.

ECF No. 51, to which Judge Rich refers, is his November 12, 2015, Order Allocating Custodial Costs between Portland Pilots, Inc. and World Fuel Services, Inc. It ordered the payment of custodial costs "pro rata, by amount of the maritime lien pleaded in the Portland Pilots' complaint, and by amount of the lien pleaded in the intervening complaint of WFS, over the aggregate of those liens," and accrued responsibility "from the date each party's complaint is docketed." ECF No. 51 at 1. Thereafter, in accordance with a settlement and the dismissal of the original complaint, the Owners assumed and paid the custodial costs that Portland Pilots had paid. See Order of December 2, 2015 (ECF No. 156) (providing that "[o]wners are ordered to pay all charges of the Substitute Custodian appointed in this matter attributable or otherwise allocated to Pilots by order of this Court.").

The question I asked counsel to address, therefore, is the significance of this procedural history for the Owners' current request to allocate to Maine Uniform Rental and the Portland Development Corporation some of the custodial costs that the Owners paid to Portland Pilots.

The agreed-upon deadline for a response on the allocation issue remains April 17, 2017.

**SO ORDERED.**

**DATED THIS 12TH DAY OF APRIL, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**