**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| PORTLAND PILOTS, INC., ET AL., | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:15-CV-442-DBH |
| | ) | |
| M/V NOVA STAR in rem, ET AL., | ) | |
| | ) | |
| DEFENDANTS | ) | |

**ORDER ON MOTION FOR RECONSIDERATION OF**
**ORDER ON MOTION TO APPORTION CUSTODIAL COSTS**

Portland Development Corporation's (PDC's) motion for reconsideration and motion for oral argument are both **DENIED**.

PDC asserts that my April 12 Order on Motion to Apportion Custodial Costs "overturns nearly 100 years of settled admiralty practice in this District," Mot. for Recons. 1 (ECF No. 357), but cites not a single authority for the assertion. It also asserts that the Order "will have broad application in future cases in admiralty, and presents the potential for undesirable outcomes," Reply Mem. 1 (ECF No. 363)—this despite the fact that my Order stated that in it I was relying on principles established earlier by Magistrate Judge Rich "in this litigation," Order at 6 n.3 (ECF No. 356), that Judge Rich had used "fair principles for allocation," and that "I see no reason to deviate significantly from those principles at this point of the litigation, and the parties have presented none." Id. at 6. Obviously, then, I was not announcing new principles for future admiralty litigation but attempting to bring this matter to a close consistently

with what had already happened in the lawsuit. Unlike some other Districts, there are no clear, local admiralty rules on allocation in this District. Id. at 6 n.3. Instead, "[a]llocating custodial costs is based upon general principles of fairness, and is clearly committed to the discretion of the trial court." Id. at 4 (collecting cases). Despite PDC's expressed concerns, this is not a precedent-setting Order.

PDC also asserts that the Order improperly transfers *vessel* liability for *in custodia legis* costs to "merchants and others who simply file C(6) claims." Mot. for Recons. 2. In fact, the *in custodia legis* costs here were those of the *arresting party*, Portland Pilots, although once the vessel owner appeared, it paid them as they were invoiced. Tr. of Proceedings (Nov. 30, 2015) at 8-19 (ECF No. 337); see also Order of Dismissal (ECF No. 156) ("Owners are ordered to pay all charges of the Substitute Custodian appointed in this matter attributable or otherwise allocated to Pilots by order of this Court."). As the November 30 hearing and my Order make clear, the vessel owner did so without prejudice to its ability to seek cost allocation from other claimants. Further, Magistrate Judge Rich established in his Order on Taxation of Custodial Costs (ECF No. 296), which assigned all custodial costs accruing November 26-30 to claimant Century Results International LTD, that the vessel owner was not necessarily responsible for all custodial costs. And PDC did not merely file a C(6) claim; it actually intervened in the lawsuit and went to trial.[1] In fact, Portland Pilots originally opposed the

---

[1] Alternatively, PDC argues that its liability should run only from the date of its intervention, not the earlier date it asserted its claim. Reply 2. Magistrate Judge Rich earlier in this lawsuit assigned *in custodia legis* costs to a party who made a claim but never formally intervened, namely Century. Order on Taxation of Custodial Costs (ECF No. 296). Again, my Order was designed to be consistent with previous rulings *in this case*.

2

intervention because as of November 24, 2015, PDC had "not made arrangements to pay for the cost of caring for the Vessel." Opp'n to Emergency Mot.to Intervene 2 (ECF No. 95).

Finally, I am generally receptive to requests for oral argument, but the request here is too late. The motion for allocation was filed and briefed with no such request. Order at 1 ("None of the parties has requested a hearing."). I had earlier conducted a conference of counsel on April 6, 2017, on the issue of allocation,[2] and entered a later Procedural Order on April 12, 2017 (ECF No. 335), in response to a request to the Clerk's Office from PDC. That Procedural Order referred to some of the principles Judge Rich had used in allocating custodial costs. PDC, however, apparently believed that it could avoid any cost allocation at all and in responding to the motion for allocation chose not to argue principles for allocation.[3] But the parties had abundant opportunity to present relevant materials to the Court, and I ruled on the motion once it became ripe. It is time now to bring this matter to a close without further delay and expense to the remaining parties.[4]

**SO ORDERED.**

**DATED THIS 17TH DAY OF MAY, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] The issue was first raised after the bench trial outcome was adverse to PDC. It then was deferred pending the resolution of an appeal by a different party.
[3] PDC seems to think this is the Court's fault: "The Court, without requesting of the movant (or any other party) examples or criteria as to how 'equity' might be done, or the possible broader implications, issued its Order . . . ." Reply 1.
[4] PDC has revealed that the amount at stake is small, "in the range of $3,000 for PDC." Mot. for Recons. 1 n.1.